IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:98-CR-79-BO-1

| | | |
|---|---|---|
| **TRUMAN SCOTT** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| Respondent. | ) | |

This matter is before the Court following an evidentiary hearing pursuant to 28 U.S.C. § 2255(b). Considering the evidence brought forth at the evidentiary hearing, the Court finds that Petitioner's claims are time-barred. His Petition is dismissed for lack of jurisdiction.

### A. <u>Petitioner's Motion Under 28 U.S.C. § 2255</u>

Petitioner's claims arise from the federal prosecution and conviction of law enforcement personnel following an investigation entitled "Operation Tarnished Badge." Operation Tarnished Badge was a joint state and federal investigation of corrupt law enforcement officers in Robeson County, North Carolina. The investigation resulted in over twenty (20) federal convictions, including the conviction of former Robeson County Sheriff Glenn Maynor and nearly his entire command structure. *See United States v. Maynor*, 310 Fed. Appx. 595, 596-98 (4th Cir. 2009). Petitioner alleges officers of the Robeson County Sheriff's Department "fabricated" evidence and testified falsely against him in retaliation for Petitioner's refusal to "participate in a drug dealing scheme" with the

officers. (Pet.'s Br. 1-2.) He seeks relief on the basis of his allegedly tainted prosecution and conviction. His claims, however, are time-barred.

28 U.S.C. § 2255(f) applies a "1-year period of limitation" to motions for collateral relief under section 2255. The limitation period runs from the date on which the facts supporting the Petitioner's claim or claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In this case, the Court finds that Petitioner's claims could have reasonably been discovered as of the date of the sentencing of Roger Taylor.[1] Taylor was a Robeson County law enforcement officer who Petitioner alleges had "intimate involvement with Petitioner's case, "spanning from [the] inception of the case, initial investigation thru trial" [sic] (Pet.'s Br. in Opp. 3). Taylor was sentenced by this Court for his nefarious role in Operation Tarnished Badge on May 29, 2008. *See* Judgment at 181, *United States v. Taylor*, No. 7:06-CR-45-BO-1 (E.D.N.C. May 30, 2008). Thus, Petitioner's claims arising could reasonably have been discovered as of May 29, 2008. Petitioner, however, filed his habeas Petition

---

[1]The Court stresses that its present holding should not be interpreted to mean that all habeas claims related to Operation Tarnished Badge arose on the date of Roger Taylor's sentencing. Given the particular accusations of this Petitioner, Taylor's prosecution and sentencing provides the best reference date for when Petitioner's Tarnished Badge claims arose. But Petitioner's case is in no way controlling for all Tarnished Badge related claims and should not be invoked as a universal limitations reference point for Tarnished Badge claims in general.

on August 16, 2010, well beyond the one-year limitation period under section 2255(f). His claims are, therefore, barred.

### B. Certificate of Appealability

Rule 11 of the Rules Governing section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Petitioner is not entitled to relief and Respondent is entitled to dismissal of the petition, the Court considers whether Petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion]

states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001)(quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## C. CONCLUSION

In sum, Petitioner's 2255 Motion [DE 195] is **DISMISSED WITH PREJUDICE** and a Certificate of Appealability is **DENIED**.

**DONE AND ORDERED**, this __/__ day of August, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE