IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:98-cr-00079-BO-1

| | | |
|---|---|---|
| TRUMAN SCOTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This cause is before the court on petitioner's motion to set aside judgement. See Mot. [D.E. 275]. For the reasons discussed below, the court will dismiss the motion without prejudice.

## BACKGROUND:

On February 1, 1999, after a jury trial in this court, petitioner was convicted of several federal criminal offenses. See [D.E. 61]. On April 19, 1999, the court sentenced petitioner to, among other things, a period of incarceration. See J. [D.E. 77]. Petitioner appealed [D.E. 78], and the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed his convictions [D.E. 92].

In November 2001, petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 111]. The court denied the motion [D.E. 124]. Petitioner appealed [D.E. 126], and the Fourth Circuit dismissed the appeal and denied rehearing [D.E. 127, 128].

In August 2010, petitioner filed a "motion to discontinue sentence" that the court construed as a section 2255 motion [D.E. 195]. Petitioner argued his conviction was improperly obtained by the efforts of corrupt police officers in Robeson County, North Carolina, several of whom were later convicted under "Operation Tarnished Badge." Id. at 1–2. The court denied respondent's motion to dismiss and ordered an evidentiary hearing [D.E. 203]. After the hearing [D.E. 215], the court

dismissed petitioner's motion with prejudice and denied a Certificate of Appealability ("COA") [D.E. 216]. Petitioner appealed [D.E. 222], and the Fourth Circuit dismissed the appeal [D.E. 227].

In September 2012, petitioner filed in the U.S. District Court for the Central District of California a motion addressing "Operation Tarnished Badge" that was construed as a section 2255 motion and transferred to this court [D.E. 232]. The court issued an order that dismissed the motion without prejudice as a second or successive section 2255 motion and denied a COA [D.E. 233].

In the instant action, petitioner argues that law enforcement officers implicated in "Operation Tarnished Badge" testified falsely and fabricated evidence of criminal activity to secure his conviction by way of fraud on the court. See [D.E. 275] at 1–5 (citing Fed. R. Civ. P. 60(d)(3)).

Respondent argues that, because petitioner's instant motion is actually an impermissible second or successive section 2255 motion, the court lacks jurisdiction. See Resp. Opp'n [D.E. 277].

Petitioner's replies a Rule 60(d) motion is the proper vehicle for his claims. See [D.E. 278].

## DISCUSSION:

A court may "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Nevertheless, the court will "classify pro se pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citation omitted). The court construes petitioner's Rule 60(d)(3) motion as an attempt to avoid the Antiterrorism and Effective Death Penalty Act ("AEDPA") restrictions on section 2255 motions. See, e.g., United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015). Accordingly, regardless of the label petitioner applies, the court will re-characterize the instant motion as a section 2255 motion.

A prisoner cannot bring a "second or successive" section 2255 motion unless the appropriate court of appeals first certifies that the second or successive motion contains either "newly discovered

evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Petitioner already filed several section 2255 motions that the court has denied or dismissed, and his instant motion raises substantially similar arguments as those raised in previous section 2255 motions. Compare [D.E. 275], with [D.E. 195, 232]. Thus, because petitioner has not received prior authorization from the Fourth Circuit, the court lacks jurisdiction to consider the instant motion. See Winestock, 340 F.3d at 205. Further, because this motion is "second or successive" under § 2255(h), the court need not provide petitioner notice of the re-characterization. See United States v. Emmanuel, 288 F.3d 644, 650 (4th Cir. 2002); United States v. Brown, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished).

Alternatively, even were the court to consider petitioner's instant motion under Rule 60(d)(3), petitioner has not met the high standard for such relief. See, e.g., Fox ex rel. Fox v. Elk Run Coal Co., Inc., 739 F.3d 131, 135–36 (4th Cir. 2014) (noting relief under Rule 60(d)(3) is only available where the fraud involves "an intentional plot to deceive the judiciary [and] . . . touch[es] on the public interest in a way that fraud between individual parties generally does not."); Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 675 F.2d 1349, 1357 (4th Cir.1982) (limiting fraud on the court "to the more egregious forms of subversion of the legal process" and finding "perjury and fabricated evidence" inadequate grounds for such relief); United States v. Conrad, 675 F. App'x 263, 265 (4th Cir. 2017) (per curiam) (unpublished).

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court will deny a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## CONCLUSION:

In sum, the court:

1) DISMISSES WITHOUT PREJUDICE the pending motion [D.E. 275] because the court lacks jurisdiction to consider this second or successive section 2255 motion or, in the alternative, because petitioner fails to meet the exacting standard for relief under Fed. R. Civ. P. 60(d)(3); and

2) DENIES a Certificate of Appealability.

SO ORDERED. This 9 day of November 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
Chief United States District Judge

4